IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| PAUL D. WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 5:17cv133 |
| DEREK EDGE | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Paul D. Williams, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending that the petition for writ of habeas corpus be dismissed. Docket No. 8 at 3. Mr. Williams filed objections to the Report and Recommendation. Docket No. 11. The Court reviews the objected-to portions of the Report *de novo*. FED. R. CIV. P. 72(b).

After being convicted of kidnapping with the goal of accomplishing an immoral purpose, possessing a firearm after having been convicted of a felony, and carrying a firearm in relation to a crime of violence,[1] Mr. Williams was found to be a career offender for the purposes of § 4B1.1 of the United States Sentencing Guidelines. He asserts that based on recent decisions from the Supreme Court and the United States Court of Appeals for the Fifth Circuit, he should no longer be considered a career offender because a prior conviction for involuntary manslaughter no longer qualifies as a "crime of violence" under the Guidelines. However, the Magistrate Judge concluded that as Mr. Williams is contesting the sentence he received for his convictions, rather than his convictions themselves, his ground for review is not cognizable in a petition filed pursuant to 28

---

[1] In his objections, Mr. Williams states his convictions occurred in 1992, rather than in 1993, as stated in the Report. While Mr. Williams is correct, the date of his convictions has no effect on the adjudication of his petition.

U.S.C. § 2241. Docket No. 8 at 3.

Mr. Williams objects to the Magistrate Judge's statement that a challenge to the validity of a career offender enhancement is not the type of claim that warrants relief under § 2241 because it challenges the punishment imposed for a conviction, rather than the conviction itself. He contends this statement is incorrect and asserts that such a claim may be asserted in a § 2241 petition. *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016); *Bryant v. Warden*, 738 F.3d 1253, 1282 (11th Cir. 2013); *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2014). Mr. Williams states that while involuntary manslaughter fell within the definition of a "crime of violence" when he was sentenced, no court that has subsequently considered his case has addressed the fact that under judicial decisions and an amendment to the Sentencing Guidelines, involuntary manslaughter is no longer a "crime of violence."

A prisoner may only utilize § 2241 to challenge a federal criminal conviction if the remedy provided for in 28 U.S.C. § 2255 is ineffective or inadequate to test the legality of his detention. The remedy provided for in § 2255 has been found to be ineffective to challenge the legality of a prisoner's detention only where the prisoner is asserting a ground for review that: (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

As Mr. Williams correctly points out, some courts of appeals have held that under certain circumstances § 2241 may be used to challenge a sentence, as opposed to a conviction. However, this Court is bound by decisions of the Fifth Circuit, specifically, in this case, the decision in *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000). In *Kinder*, the petitioner, like Mr. Williams, was found to be a career offender under § 4B1.1 of the Guidelines. He sought relief under § 2241 based on the argument that due to intervening case law, he should no longer be considered a career offender. However, the Fifth Circuit rejected this argument, concluding a claim that a defendant is actually

2

innocent of being a career offender is not the type of claim that warrants review under § 2241. *Id.* at 213. The Fifth Circuit has relied on *Kinder* in recent unpublished opinions to conclude that inmates may not challenge sentencing issues in a § 2241 petition. *Haskell v. Daniels*, 708 F. App'x 203, 204 (5th Cir. 2018); *Shipp v. Chapa*, 698 F. App'x 202, 203 (5th Cir. 2017).

Because Mr. Williams is attempting to use § 2241 to challenge the sentencing court's conclusion that he was a career offender, *Kinder* controls the resolution of this matter. Accordingly, the Magistrate Judge's conclusion that a challenge to the validity of a career offender determination is not that type of claim that warrants relief under § 2241 is correct. The objections filed by Mr. Williams are therefore without merit.

Having considered Mr. Williams's objections, and the objected-to portions of the Report *de novo*, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Concerning matters to which Plaintiff has not objected, the Court reviews the record and the Report and Recommendation for clear error. *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988). The Court finds no clear error with the Magistrate Judge's conclusions in the uncontested portions of the Report and Recommendation. Accordingly

Mr. Williams's objections (Docket No. 11) are **OVERRULED**. The Court **ADOPTS** the findings and conclusions contained in the Report in their entirety.

It is further **ORDERED** that this petition for writ of habeas corpus is **DISMISSED**.

A final judgment shall be rendered in accordance with the Magistrate Judge's recommendation.

**SIGNED this 2nd day of May, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE